The CHIEF JUSTICE and PROVOSTY, J., concur in the decree.

See dissenting opinion of MONROE, J., 41 South. 35.

───────

(41 South. 38.)

No. 15,876.

### WHANN v. WHANN.

(March 26, 1906.)

TRADE-MARKS—EXTINGUISHMENT.

Where, during the life of a monopoly created by a patent, a trade-mark has been used to identify the patented article, all exclusive right

to the trade-mark ceases with the expiration of the patent.

[Ed. Note.—For cases in point, see vol. 46. Cent. Dig. Trade-Marks and Trade-Names, §§ 15, 36.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by B. L. Whann against M. R. Whann. Judgment for defendant, and plaintiff appeals. Reversed, and judgment rendered against defendant, and case remanded for an accounting.

J. Zach. Spearing, for appellant. Charles Louque, for appellee.

PROVOSTY, J. It is an admitted fact in the case that the plaintiff and his brother, now dead, and his sister, the defendant, entered into a compromise for the settlement of the successions of their parents. The terms of that compromise are admitted to this extent that plaintiff was to have one-third of the movables, including the proprietary rights in a certain patent medicine and one-third of the net profits on the future sales of the medicine; that the preparation and sale of the medicine was to be attended to by the brother. It is further admitted that the medicine was protected by patent, and by a duly registered trade-mark, this trade-mark consisting of a pictorial symbol and the arbitrarily selected word symbol, "Chewalla"; and it is further admitted that the profits of the sale of the medicine were accounted for to plaintiff up to within three months of the death of the brother, and not thereafter, and that defendant is the universal legatee of the deceased brother. After this compromise the two brothers transferred to their sister, by a sale absolute on its face, their interest in the real estate.

Plaintiff contends that the transfer was in reality made conditionally; the condition being that the interest of the brothers should revert to them at the death or marriage of their sister, and that this condition was part of the compromise, and that the transfer was made in pursuance of the compromise.

Defendant denies that such condition was to be, or was, attached to the transfer.

Plaintiff alleges that the compromise was evidenced by a writing, and that he is not in possession of either the original or a copy of the document, and that the defendant, his sister, refuses to deliver to him either the original or a copy of the document, if in her possession, and denies his said eventual rights; that she is going on preparing and selling the medicine, and denies that he has any right in the premises.

He prays for an injunction restraining and prohibiting his sister from preparing and selling the medicine, and declaring the aforesaid compromise to be in full force, whereby petitioner was recognized to be the owner of one undivided third of all the effects described in the inventories taken in the successions of their said deceased parents, including the said medicine, and patent, and trade-mark, and real estate; this last subject to the condition aforesaid. Finally, he prays that she be ordered to render him an account of the business of preparing and selling said medicine from the time the last account was rendered.

The trade-mark was registered in 1891, and from that time was used in the sale of the medicine. Whether it had been theretofore used is not shown. The patent expired in 1897. The brother died on November 16, 1901. This suit was filed April 17, 1903.

Defendant contends that the contract between plaintiff and herself and their brother for the preparation and sale of the medicine terminated with the death of the brother, that the trade-mark rights expired with the patent, and that since then the medicine has been public property, with the full right to any and all freely to prepare and sell it.

The decided preponderance of the testimony shows the compromise to have been as

WHANN v. WHANN.

stated by plaintiff. Mr. Hughes, Mr. Stewart, disinterested witnesses, and plaintiff testify positively to that effect; and against this there is nothing but the testimony of Mr. Suthon, who does not unequivocally say the opposite. Defendant did not testify.

The trade-mark having been used during the existence of the patent to identify the medicine to the public, all exclusive rights expired with the patent. In the case of Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 185, 16 Sup. Ct. 1014 (41 L. Ed. 118), the Supreme Court of the United States said:

"Where, during the life of a monopoly created by patent, a name, whether it be arbitrary or be that of the inventor, has become, by his consent, either express or tacit, the identifying and generic name of the thing patented, this name passes to the public with the cessation of the monopoly which the patent created; and where another avails himself of this public dedication to make the machine and use the generic designation, he can do so in all forms, with the fullest liberty, by affixing such name to the machines, by referring to it in advertisements, and by other means, subject, however, to the condition that the name must be so used as not to deprive others of their rights or to deceive the public, and, therefore, that the name must be accompanied with such indications that the thing manufactured is the work of the one making it, as will unmistakably inform the public of that fact."

The agreement between plaintiff and defendant and the deceased brother for the preparation and sale of the medicine came to an end, as a matter of course, with the death of the brother. Plaintiff is entitled, however, to an accounting for the three months between the last accounting and the death of the brother.

Defendant's learned counsel argues that the petition shows no cause of action as to the real estate because the alleged condition on which the property was to revert to plaintiff, namely, the marriage or death of the defendant, is not alleged to have taken place. The answer is that plaintiff is not asking anything more than that the existence of the condition be recognized. To this he is, we think, entitled; and therefore his peti-

tion shows a cause of action on that ground.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the plaintiff, Beauregard L. Whann, have judgment against the defendant, Marguerite R. Whann, decreeing to be in full force and effect an agreement of compromise by which the said plaintiff is recognized to be the owner of one-third undivided of the household effects described in the inventories taken in the succession of William Whann, No. 44,609, and the succession of Mrs. Mary C. Whann, No. 44,610, of the docket of the civil district court, parish of Orleans, and by which the sale made by the said plaintiff, Beauregard L. Whann, to the said Marguerite R. Whann, before Fred Zengel, notary public, on April 13, 1895, of his one-third interest, undivided, in the following described property, to wit:

"A certain portion of ground, with the rights, ways, servitudes, privileges, and advantages thereunto belonging or in any wise appertaining, situated in the Sixth district of this city, formerly Faubourg West Bouligny, city and parish of Jefferson, forming part of square sixty-five, bounded by Upper Line, Apollo (now Carondelet), Bordeaux and Nayades (now St. Charles) streets, commencing at the intersection of the line between the land of Mrs. Julia A. Whann and that of D. C. Aldrich on St. Charles street, and running thence along St. Charles street in a westerly direction fifty feet, thence northerly and easterly on a line parallel with Upper Line street one hundred and forty-five feet six inches, thence easterly thirty-five feet to said division line of said Mrs. Julia A. Whann and Aldrich's land, and thence southerly along said division line to the place of beginning. The whole as per sketch drawn and approved by H. C. Brown, city surveyor of the city of Jefferson, dated the 9th April, 1869, and annexed to an act passed before Edward Barnett, late notary, on May 10th, 1869."

was in reality a conditional sale, the condition being that at the death or marriage of the said Marguerite R. Whann the one-third interest in said property is to revert to the said Beauregard L. Whann, the said Marguerite R. Whann to have in the meantime the full use and enjoyment of same and all the fruits of same as owner.

And it is further ordered, adjudged, and

decreed that this case be remanded for an accounting by the defendant to the plaintiff for the profits of the sale of the medicine Chewalla from the time of the last account rendered to plaintiff to the time of the death of the brother of the said plaintiff, James McC. Whann.

It is further ordered, adjudged, and decreed that the defendant pay the costs of this suit to date, and that the costs of the further trial of the suit await its final determination.