SOMMERVILLE, J.
Plaintiff and defendant were joint owners of a yacht called “Loiterer.”
May 15, 1912, Douglas offered to sell his half interest in the yacht to plaintiff for $3,000, to be evidenced by a nonnegotiable note, payable one year after date, with interest at the rate of 4 per cent, per annum. In the alternative, he offered to buy Walle’s interest at the same price and on the same terms and conditions. Walle declined to buy, but he agreed to sell, and May 16, 1912, accepted, in writing, the offer to buy made by Douglas. May 20, 1912, Douglas executed and delivered to Walle his note made in conformity with the above agreement; and Douglas took possession of the yacht.
■ Subsequently, on the same day, Walle was informed by a mutual friend that the note was incomplete in that the year “1912” was not mentioned as part of the date, and that the note, being made by Walle to his own order, was not indorsed by him. Thereupon Walle gave instructions to this mutual friend to prepare another note and a bill of sale to be regular in all their parts, and upon receiving the new note properly indorsed and only in that event, to return the old note to Douglas, or to destroy same. The mutual friend,, contrary to instructions, surrendered the first note to Douglas, and the latter thereupon destroyed same; and he refused to sign the new note in place of the old one.
Plaintiff now sues defendant, and asks that Douglas be condemned to return and deliver unto him the promissory note for $3,000, which Douglas had given him as the price of his one-half interest in the yacht, and, in “default of the return and delivery of said note unto your petitioner, that there be judgment in favor of your petitioner and against the said William I-I. Douglas decreeing the said note to be in full force and effect the same as if the said note was actually and legally in your petitioner’s possession, and further decreeing the said sale to be in full force and effect, and reserving to your petitioner the right to sue for such damages as he may or might have suffered by said William I-I. Douglas’ unlawful, illegal, and unwarranted taking and retaining possession of said note, the property of your petitioner.”
[1] Defendant excepted, on the ground that the petition was vague and ambiguous; that the suit was premature; and that no cause of action was disclosed. These exceptions were properly overruled. The exception of no cause of action is based on the ground that the plaintiff “does not pray for a judgment that can be executed.” Plaintiff is asking that the existence of the note which was his property, and which was destroyed by .defendant, be declared to be of full force and effect. The cause of action is very clear; and plaintiff is entitled to the relief sought, if he sustains his allegations. Whann v. Whann, 116 La. 690, 41 South. 38.
Plaintiff did not seek to collect the note at the time of filing suit; and the action was not therefore premature. The note had *73 not matured at the time of filing the suit.
[2] Defendant answered and argued that there never was a complete contract between the parties; or, if there ever was a contract, it was annulled by the cqnduct of the plaintiff. The evidence in the record shows that plaintiff’s one-half interest in the yacht was sold by plaintiff to defendant at the price of $3,000, to be paid one year after date; and that plaintiff took the note and defendant went into possession of the yacht. The contract of sale was thus perfected on May 20, 1912.
Defendant argues that the contract was to be reduced to writing and signed by him. Plaintiff testified, and he is not contradicted by defendant, that when the transaction was completed by the giving of the note by defendant to plaintiff, he (plaintiff) said:
“I don’t see why you want to give me this note now; the act is not passed yet.”
And defendant responded:
“Don’t I know you? You go over to John Wagner and have him draw up that thing and mail it to me. You sign it, and that is the end of it.”
And that defendant took possession of the boat.
It is clear from this evidence that defendant did not expect or require that the act should be reduced to writing, and that he should sign same. It is equally clear that he considered that the sale had been perfected, and that it did not depend upon any writing; and, if there was to be any writing, it was merely for the purpose of securing a more authentic mode of proof. The verbal contract was complete, and the law does not require that the contract should have been in writing. The subsequent acts or suggestions, of either or both parties, that the contract should be reduced to writing did not impair the original contract. Fredericks v. Pasnacht, 30 La. Ann. 119; Canal Co., Ltd., v. Burgin, 106 La. 309, 30 South. 863; Des Boulets v. Gravier, 1 Mart. (N. S.) 420.
[3] The next ground urged by. defendant is that 'the contract was annulled by the conduct of the plaintiff. Reference is made here to the action of plaintiff in authorizing the mutual friend before mentioned to obtain the indorsement of defendant on a note payable to himself, in lieu of the note held by plaintiff, which had been made payable to the maker’s order and was not indorsed; but, at the same time, plaintiff instructed his agent not to deliver the note then in his possession to defendant, unless or until defendant furnished a new note properly indorsed. This was not an annulment of the contract by the plaintiff. The agent failed to carry out the instructions of plaintiff, and delivered the note to defendant, who destroyed it, and who failed to give another note in place of the one destroyed.
The next point argued by defendant is that .plaintiff breached the contract by failing to deliver the property which he agreed to deliver. This has reference to some personal effects belonging to plaintiff and the mutual friends of plaintiff and defendant which were on the boat and which were used by them while, making trips, as guests, on the boat. The evidence shows that these things did not belong to the boat; and that they were mentioned at the time of the sale, and excepted therefrom. Some of them belonged to third persons, and plaintiff could not sell them. Besides, these things were taken from the boat after the consummation of the sale, and while defendant was in full possession thereof. If any of these things actually belonged to the boat at the time of the sale, or to the defendant personally, he has a right of action against plaintiff for them, if plaintiff took them.
The evidence is clear that the boat and its belongings were all delivered to defendant, with the understanding that certain things on the boat, which were not the joint property of the owners, be taken therefrom.
Judgment affirmed.